# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-6954

DEXTER WILLIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
James A. Beaty, Jr., District Judge.
(CR-95-315, CA-95-315-6-6)

Submitted: October 22, 2003

Decided: November 20, 2003

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

## COUNSEL

Dexter Willis, Appellant Pro Se. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, David Bernard Smith, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Dexter Willis seeks to appeal the district court's order construing his Fed. R. Civ. P. 60(b) motion as a 28 U.S.C. § 2255 (2000) motion and dismissing it as successive, as recommended by a magistrate judge. This court may grant a certificate of appealability only if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). Where, as here, a district court dismisses a § 2255 motion on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Willis has not made the requisite showing. *See Miller-El v. Cockrell*, 537 U.S. 322, ___, 123 S. Ct. 1029, 1040 (2003).

We construe Willis's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. *See United States v. Winestock*, 340 F.3d 200 (4th Cir.), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Sept 22, 2003) (No. 03-6548). In order to obtain authorization to file a second or successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. § 2244(b) (2000). Willis's claims do not satisfy either of these conditions. Therefore, we decline authorization for Willis to file a successive § 2255 motion. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*